## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

ROBERT LANCE TERRY                                          PLAINTIFF

V.                        CASE NO. 4:22-CV-00962 BRW-JTK

SOCIAL SECURITY ADMINISTRATION                             DEFENDANT

## RECOMMENDED DISPOSITION

### I.    Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### II.    Introduction:

Plaintiff, Robert Lance Terry ("Terry"), filed applications for disability benefits and supplemental security income on December 10, 2019. (Tr. at 11-25). In the applications, he alleged that his disability began on October 18, 2019. *Id*. The applications were denied initially and upon reconsideration. After conducting a

hearing, an Administrative Law Judge ("ALJ") denied Terry's claim in a written decision dated September 21, 2021. *Id*. The Appeals Council denied Terry's request for review of the hearing decision on August 18, 2022. (Tr. at 1-5). The ALJ's decision now stands as the final decision of the Commissioner, and Terry has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

III.    **The Commissioner's Decision:**

Terry was 35 years old on the alleged onset date, and he went to school through the eighth grade. (Tr. at 93). He has past relevant work as a janitor, a church sexton, and a kitchen helper. (Tr. at 22).

The ALJ found that Terry had not engaged in substantial gainful activity since the alleged onset date of October 18, 2019.[1] (Tr. at 13). The ALJ found, at Step Two, that Terry has the following severe impairments: autism and other pervasive developmental disorders and mood disorders. (Tr. at 14).

At Step Three, the ALJ determined that Terry's impairments did not meet or

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

equal a listed impairment.[2]  *Id.* Before proceeding to Step Four, the ALJ determined that Terry had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, with the following non-exertional limitations: (1) he can perform work where interpersonal contact is incidental to the work performed, and where the complexity of tasks is learned and performed by rote and involves few variables; (2) the work requires little independent judgment and the supervision required is simple, direct, and concrete; and (3) he cannot deal with the general public. (Tr. at 16).

At Step Four, the ALJ relied upon VE testimony to determine that Terry was able to perform his past relevant work, as well as other jobs in the national economy. (Tr. at 22-24). Therefore, the ALJ concluded that Terry was not disabled. *Id.*

**IV.  Discussion:**

A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable

---

[2] 20 C.F.R. Part 404, Subpt. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*,

784 F.3d at 477.

    B.   Terry's Arguments on Appeal

    Terry contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He argues that the ALJ did not properly consider the medical opinions and that the RFC did not incorporate all of his credible limitations.

    Terry was diagnosed with autism and other mood disorders, but he admitted that he was not engaging with any psychiatric care and he did not require psychiatric hospitalizations.[3] (Tr. at 411-417). He was not on psychotropic medication. Terry worked during the relevant time-period at his church, and he said he could count money, make change, pay bills, go shopping, and socialize.[4] (Tr. at 21, 82, 415). There is little in the record to support any disabling conditions from mental impairments.

    A psychiatric consultant, Dr. Michael Wayne Parker, Ph.D., examined Terry in July 2020 and found that he was neatly attired, pleasant, engaging, had a bright affect, and had goal-directed but slow thought-processes. (Tr. at 82, 411-417). On mental function testing Terry worked diligently and was focused, although he was

---

[3] The failure to seek regular and continuing treatment contradicts allegations of disability. See *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997).

[4] Such daily activities undermine his claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

slow to answer. *Id*. The testing placed Terry in the average range of intellectual functioning. (Tr. at 415). Dr. Parker labeled autism as mild. *Id*. Terry did not have many functional mental limitations, according to Dr. Parker. (Tr. at 416-418).

Dr. Donald Patrick, M.D., saw Terry one time in December 2019. (Tr. at 359-362). Terry told Dr. Patrick he needed disability paperwork from a doctor to get benefits. *Id*. Terry presented with a flat affect and moderate symptoms of depression. *Id*. He had no difficulty reading or writing. *Id*. Without performing any IQ testing, Dr. Patrick concluded that Terry could not work due to his mental condition. *Id*. He told him to follow up as needed, and did not make a referral to any psychiatric care. *Id*. Dr. Patrick did not prescribe psychotropic medications. *Id*.

The ALJ analyzed this opinion and found it partially persuasive.[5]  (Tr. at 19). The ALJ stated that Dr. Patrick was a medical doctor (not a psychiatrist) and had only seen Terry on one occasion. *Id*. The ALJ wrote that Dr. Patrick's opinion on

---

[5] ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes: (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017); *Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id.*

disability is one reserved to the Commissioner.[6] *Id*.

Terry finds fault with this short analysis. Could the ALJ have gone into more detail? Perhaps, but with virtually no psychiatric health records, there is little else he could say. And he did find the opinion partially persuasive, indicating that he incorporated some of Dr. Patrick's findings into his decision. The ALJ discussed other relevant factors throughout the opinion, like Terry's ability to work during the relevant time-period, his ability to perform daily activities, and his grossly normal mental status exams.[7] Mental impairments were described by doctors as only mild-to-moderate. Terry quit working for reasons not related to disability (he was trying to have more free time).[8] (Tr. at 17). He lived alone and took care of his own daily needs.

The Eighth Circuit has held that if the record as a whole supports an ALJ's finding about a medical opinion's persuasiveness, and he has discussed other factors

---

[6] See *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005).

[7] The ALJ also found the opinions of the psychiatric examiner and the state-agency DDS experts to be persuasive: those experts opined that, at the most, Terry had moderate limitations in basic mental work functions. (Tr. at 20-22). The ALJ found these opinions to be consistent with the record evidence. *Id*.

[8] Ceasing work for reasons other than alleged disability undermines a claimant's claim that his impairments are disabling. *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005).

about his finding elsewhere in the decision, he has cleared the bar.[9] The ALJ's analysis of the medical opinion was sufficient.

Terry also asserts that the RFC did not fully incorporate his limitations.[10] He contends that Dr. Parker's statement that Terry had a slow and laborious response time on his mental function testing should have been specifically included in the RFC. (Tr. at 413). But the RFC did assign significant mental restrictions, like limited interpersonal contact, and work consisting of few variables, little independent judgment, and simple supervision. (Tr. at 16, 19-21). And the ALJ is only required to consider credible limitations established in the record when crafting the RFC. He need not rely upon any one opinion in particular, or include every single limitation set forth in a medical opinion.[11] Again, the ALJ did not err.

---

[9] See *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (inconsistency in ALJ's decision was harmless error, as case was not close call, and record otherwise contained substantial evidence establishing matter at issue).

[10] A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

[11] See *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

## V.  **<u>Conclusion</u>**:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ handled the medical opinions properly and the RFC incorporated all of Terry's credible limitations. The finding that Terry was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 3rd day of November, 2023.

_____
UNITED STATES MAGISTRATE JUDGE